ESTATE OF IRVING A. TAYLOR, DECEASED, C. DIANNE TAYLOR, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Taylor v. Commissioner
Docket No. 46890-86.
United States Tax Court
T.C. Memo 1989-112; 1989 Tax Ct. Memo LEXIS 112; 56 T.C.M. (CCH) 1498; T.C.M. (RIA) 89112; March 22, 1989. *112 Richard J. Callaway, for the petitioner. Michael J. Calabrese, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner's Federal estate tax of $ 73,553.39. After concessions the issue we must resolve is whether the United States-Canadian estate tax convention precludes the United States from imposing Federal estate tax on the transfer of certain life insurance proceeds and death benefits from retirement annuity contracts and a retirement plan. The facts of this case are fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure and are so found. On October 8, 1982, decedent Irving Taylor was shot and killed in Houston, Texas. Although he was a United States citizen, decedent was domiciled in Thunder Bay, Ontario, Canada where he was buried. C. Dianne Taylor, a citizen of Canada and the executrix of petitioner's will, resided in Thunder Bay at the time the petition was filed in this case. Decedent was a psychologist and a university professor. Before his death, he was employed by Lakehead University in Thunder Bay. Prior to teaching at Lakehead University, *113 decedent taught at different universities in the United States. Lakehead University owned a group life insurance policy underwritten by Confederation Life Insurance Company, a Canadian company, covering the faculty of the university. The policy covered decedent who had the right to name his beneficiary under the policy. When decedent died, the proceeds of the policy, worth $ 123,272, were transferred to Delores Niskanen, a Canadian citizen and the named beneficiary of the policy. Decedent participated in a retirement program at Lakehead University. Decedent made all contributions on his behalf to the retirement plan. The proceeds at the time of decedent's death had a value of $ 25,546.50 and were transferred to the designated beneficiary, Delores Niskanen. Decedent also participated in the American University Pension Retirement Plan. Two annuity contracts constituted decedent's participation in the plan and paid death benefits totaling $ 15,432.32. Both contracts provided for monthly benefits to begin, at decedent's election, on the first day of any month prior to decedent's reaching 71 years of age and for payment of a death benefit to a named beneficiary in the event of *114 death prior to the start of annuity payments. Decedent's nephew, Samuel Taylor, was the named beneficiary of the proceeds from the contracts. All contributions on decedent's behalf to the annuity contracts, were made by decedent. Petitioner argues that pursuant to the Convention for the Avoidance of Double Taxation of Estates between Canada and the United States, the proceeds from decedent's life insurance policy, retirement plan, and annuity contracts need not be included in decedent's gross estate for Federal estate tax purposes. Petitioner reasons that because Canada imposes no estate tax and because the situs of the death benefits, as determined by Article II of the Convention was in Canada, there should be no United States estate tax on the transfer. Petitioner argues, alternatively, that it would be inequitable to require inclusion of the proceeds in issue because the amounts were paid directly to beneficiaries and were never in petitioner's possession. Petitioner's arguments are without merit. The United States-Canadian estate tax convention does not prevent the United States *115 from imposing Federal estate tax liability on the transfer of property interests at death by U.S. citizens domiciled in Canada. The Federal estate tax on the transfer of the benefits of decedent's interests in life insurance, retirement plan, and annuity contracts is imposed by reason of decedent's citizenship and not because of the situs of the beneficiaries' benefits, policies or payors. Internal Revenue Code section 2001 imposes a tax on "the taxable estate of every decedent who is a citizen or resident of the United States." Because decedent was a citizen of the United States, the situs of the property in which he had an interest is irrelevant. Petitioner makes no argument that Internal Revenue Code sections 2033, 2039 or 2042 do not apply to the transfer of the interests which the United States seeks to tax, and there appears to be none to make. There are no equitable principles applicable to this case. Petitioner's argument that equity demands a different result is not well-founded. Because of concessions, Decision will be entered pursuant to Rule 155.